**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**AMERICAN COMMERCE INSURANCE COMPANY**, a foreign insurance company,

Plaintiff,

v.

**TANYA AND TROY FOX**,

Defendants.

Case No. 3:26-cv-00836-IM

**ORDER GRANTING MOTION TO DISMISS**

Ashley J. Stevens, 222 Etruria St., Seattle, WA 98109. Attorney for Plaintiff.

Julie R. Vacura & Thomas G Bode Jr., 121 SW Morrison St. Suite 700, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

After a landslide on a neighboring property destroyed an Oregon home, the homeowners' insurance company, American Commerce Insurance Company (Plaintiff), denied full coverage for the losses under a contract provision excluding losses resulting from a landslide or "land use." Compl., ECF 1 ¶ 3. Shortly afterward, homeowners Tanya and Troy Fox (Defendants), sent Plaintiff a demand letter, claiming that Oregon law permits denial of coverage only when the policy exclusion is the "efficient proximate cause" of the loss. Bode Decl., ECF 11, Ex.1 at 3. Pursuant

to this Court's diversity jurisdiction and jurisdiction under the federal Declaratory Judgment Act, *see generally* 28 U.S.C. §§ 2201-02, Plaintiff then filed a Complaint for Declaratory Relief, in which Plaintiff requests that this Court determine that no coverage exists under Oregon law. Compl., ECF 1 ¶¶ 4-5. Weeks later, Defendants filed their own action in Oregon Circuit Court, claiming, among other things, that the denial was a breach of the parties' insurance contract under Oregon law. *See* ECF 11 at 11-12. The action remains pending in state court. *Id.* Before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint, ECF 11, under the state law abstention doctrine established by *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). This Court, concluding that the *Brillhart* doctrine applies, declines to further hear the action. Defendants' Motion to Dismiss, ECF 11, is granted, and Plaintiff's Complaint, ECF 1, is dismissed with prejudice.

## STANDARDS

"District courts possess discretion in determining whether and when to entertain an action under the Federal Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also* 28 U.S.C. § 2201(a) ("[The district court] *may* declare the rights and other legal relations of any interested party seeking such declaration[.]") (emphasis added). In an exercise of such discretion, the district court may dismiss an action for a declaratory judgment when the district court determines that parallel proceedings in the state court present a better opportunity to determine common issues of state law. *Wilton*, 515 U.S. at 290. In deciding whether abstention is appropriate, a district court applies the *Brillhart* factors and considers whether withholding declaratory relief and dismissing the action would (1) avoid needless determination of state law issues; (2) avoid duplicative litigation; and (3) discourage forum shopping. *Inari Medical, Inc. v. McCaskey*, 733 F.

Supp. 3d 998, 1004 (D. Or. 2024) (citing *R.R. St. & Co. Inc. v. Transp. Ins.,* 656 F.3d 966, 975 (9th Cir. 2011)).

**DISCUSSION**

This court holds that each of the *Brillhart* factors favors dismissal of this matter.

First, retaining jurisdiction would needlessly require this Court to determine issues of state law. Plaintiff asks this Court to determine whether coverage exists for the claimed loss of Defendants' home. Compl., ECF 1 ¶ 5. This determination would specifically require this Court to resolve ambiguous terms within the insurance agreement pursuant to Oregon's contract and land use laws, including terms of art (*e.g.*, "land use"). *See* ECF 11 at 5. Furthermore, as Plaintiff describes in the request for relief, such an analysis would also require this Court to determine whether the events precipitating the landslide that damaged the home qualify as "efficient and proximate causes of [the] loss" that permit exclusion from coverage under Oregon's insurance laws. *See* Compl., ECF 1. ¶ 4. While Plaintiff argues that this type of analysis is routine for the federal courts, Plaintiff does not dispute that the issues raised are exclusively those of state law. Given that Plaintiff's complaint raises no issue of federal law or interest, resolving the federal complaint would require the Court to needlessly wade into the muddy waters of state law.

Second, this Court finds that the present case threatens duplicative state court litigation. The parties are currently litigating Defendants' complaint in the state circuit court. The Oregon Circuit Court's resolution of Defendants' state law breach of contract and negligence claims turns on the questions of contract, land use, and insurance law that form Plaintiff's request for declaratory relief. While each of the claims at issue in the declaratory action can and likely will be resolved by the state court, this Court's resolution of the present federal case would not settle

all aspects of the controversy between the parties. Consequently, it would needlessly waste judicial resources to determine the same issue pending before the state court. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 ("If there are parallel state proceedings involving the same issues and parties[,] . . . there is a presumption that the entire suit should be heard in state court.").

Third, and finally, Plaintiff's decision to bring suit in federal court raises suspicion of forum shopping, favoring dismissal under *Brillhart*'s remaining factor. Cases filed in the federal court in anticipation of state law litigation present federalism concerns. *See Inari*, 733 F. Supp. 3d at 1005 (quoting *Budget Rent-A-Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir 1997)). Though timing may be relevant to the analysis, it is only one of several considerations relevant to whether a district court should retain jurisdiction of a declaratory judgment action; indeed, the *Brillhart* factors "sometimes compel a court to decline to entertain an earlier-filed action." *R.R. Street & Co.,* 656 F.3d at 976 (citation modified). Because Plaintiff filed the complaint before Defendants initiated state law proceedings, Plaintiff claims that the filing was not "reactive" and thus did not target a particular forum. *See* ECF 13 at 5. However, Plaintiff's complaint came merely 13 days after receiving a demand letter in which Defendants announced an intent to sue pursuant to rights under state law should Plaintiff fail to begin negotiations. ECF 11-1 at 3. Thus, Plaintiff's course of action appears to have been taken in anticipation of state law proceedings, raising concerns of forum shopping which favor dismissal. *See Inari*, 733 F. Supp. 3d at 1005 (finding *Brillhart* favors dismissal of a case brought after the other party filed a demand letter which discussed possible claims under California law).

In sum, the *Brillhart* factors counsel against this Court's exercise of its jurisdiction under the Declaratory Judgment Act to retain the dispute. Accordingly, and because Plaintiff did not

request leave to amend or offer any reason why a future amendment could change the analysis, this Court dismisses the case with prejudice.

## CONCLUSION

This Court GRANTS Defendants' Motion to Dismiss, ECF 11. This case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 8th day of October, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge